**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RALPH TADDEO

Plaintiff,                          **Civil Action No.: 23-cv-03415-KFP**

vs.

SUNBEAM PRODUCTS, INC.,
and NEWELL BRANDS, INC.,

Defendants.

## MEMO ENDORSED

THE PARTIES TO THIS LAWSUIT, by and through their respective attorneys of record, do hereby stipulate to the entering of the following Protective Order.

IT IS HERBY ORDERED that any and all documents produced or to be produced by any party to this action pursuant to any Request for Production of Documents or Request for Admission, served by any other party, or testimony by way of deposition, Interrogatory, or at trial for which the producing or testifying party asserts a claim of proprietary, confidential, trade secret or otherwise sensitive commercial information shall be subject to this Protective Order. The documents and testimony are referred to as "Protected Documents" and "Protected Testimony" as hereinafter defined and are to be maintained in a confidential manner under the procedures as hereinafter set forth:

1.    The term "Protected Document" as used herein shall mean any document produced during discovery or at the trial of this action which is of a trade secret, proprietary, confidential, or of a commercially sensitive nature and is designated at the time of production by the producing

party to be a "Protected Document". A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party agrees in writing that the document is no longer considered to be a "Protected Document". This paragraph includes references to "protected documents" in the remainder of this Order.

2.      The term "Protected Testimony" as used herein shall mean any testimony given by way of deposition, interrogatory or at trial of this action which is of a proprietary, confidential, trade secret, or of a commercially sensitive nature and is designated at the time the testimony is given and designed by the testifying party to be "Protected Testimony". "Protected Testimony" shall continue to be "Protected Testimony" until such time as the testifying party agrees in writing that the testimony is no longer considered to be "Protected Testimony". This paragraph includes references to "protected testimony" in the remainder of this Order.

3.      The documents designated and produced as "Protected Documents" and testimony designated as "Protected Testimony" shall be given confidential treatment as described below.

4.      Without further order of this Court, requesting or receiving parties may show "Protected Documents" and "Protected Testimony", and may disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons"):

a.      Counsel of record in this action for requesting or receiving party;

b.      Regular employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this action;

c.      Bona fide independent (i.e., not employed by or affiliated with a party or an affiliated company of a party) trial experts whom counsel, in good faith, reasonably anticipates will testify at trial as experts and only to the extent necessary for preparation or testifying by that expert, subject to all of the terms and conditions of this order, provided that the names and employment

affiliations of the experts are provided to all opposing counsel at least ten days in advance of such disclosure, so that opposing counsel may have an opportunity to file an objection with the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court;

d.     Bona fide consultants whom counsel, in good faith, reasonably anticipate will not testify at trial as experts but are retained by counsel to aid in preparation for discovery and/or trial;

e.     Provided that no disclosure shall be made to any person currently employed by any competitor of the party producing the "Protected Document" or giving "Protected Testimony" except upon further order of this Court; provided further that, if such person to whom any "Protected Testimony" or "Protected Documents" have been produced becomes an employee of a competitor, such person shall immediately notify counsel for Plaintiff (who shall in turn immediately notify counsel for Defendant) and all such "Protected Documents" and "Protected Testimony" produced to such person shall be immediately returned to counsel for Plaintiff; and

f.     The Court.

5.     Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly substantially marked as follows:

CONFIDENTIAL
Produced pursuant to Protective Order
Taddeo vs Sunbeam Products, Inc.
Court: USDC, Southern District of New York
Case No.:  23-cv-03415-KFP
DO NOT COPY

and shall remain at all times under the custody of counsel for the party or parties obtaining such documents, or their retained experts only.

6.     "Protected Testimony" shall be noted in the record at the beginning and the conclusion of "Protected Testimony" and shall remain at all times under the custody of counsel for the party or parties obtaining such testimony, or their retained experts only.

7.      If plaintiff, or other requesting or receiving party, contends that any document or testimony has been erroneously designated "Proprietary", "Trade Secret", "Confidential", "Privileged" or "Of Otherwise Sensitive Commercial Information" and subject to this Order, the objecting party shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until the objecting party either (a) obtains the producing party's written permission to do otherwise or (b) obtains an order of the Court finding that the document or testimony is not "Proprietary", "Trade Secret", "Confidential", "Privileged" or "Of Otherwise Sensitive Commercial Information".

8.      "Protected Documents", the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons", as defined above.  Except as provided in paragraph 4 above, requesting or receiving parties shall keep all "Protected Documents", the material contained therein and "Protected Testimony" confidential from all persons.

9.      Before being given access to any "Protected Document" or "Protected Testimony", each "Qualified Person" to whom a requesting or receiving party or his representatives intend to deliver, exhibit or disclose any "Protected Document", material contained thereon or "Protected Testimony", such "Qualified Person" shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree, in writing, to be bound by its terms by execution of the form attached hereto as Exhibit "A". Counsel for the requesting or receiving party shall maintain a list of all "Qualified Persons" to whom any "Protected Document", material contained therein or "Protected Testimony" is provided, specifying the "Protected Document", material or "Protected Testimony" provided to the "Qualified Person" and that list shall be available for inspection by the Court and by the producing party at any time.

10.     Counsel for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any excerpts thereof to "Qualified Persons".  Any copies so distributed shall be returned to the respective counsel of the requesting or receiving party immediately upon the completion of the "Qualified Person's" retention in this case.

11.     To the extent that any "Protected Document", or information obtained therefrom, is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents", "Protected Testimony" or information.  If a "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  The reporter shall separately label the "Confidential" portions of the deposition transcript.  Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope marked to reflect that the contents are subject to the Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.

12.     All documents that are filed with the Court that contain any portion of any "Protected Documents" or information taken from any "Protected Documents" (in summary form or otherwise) shall be filed in a sealed envelope, or other appropriate sealed container on which

shall be endorsed the caption of the litigation, and the notation that the contents are subject to this

Protective Order in substantially the same form as follows below:

> This envelope is sealed and it contains confidential information filed in
> this case by {name of party} and it is not to be opened or the contents
> thereof displayed, or revealed except by order of the Court, or pursuant
> to written stipulation of the parties.  This envelope shall not be opened
> without order of the Court and only by the Court's assigned courtroom
> deputy clerk and only in the presence of all counsel of record who, after
> reviewing the contents, shall return them to the Clerk in a sealed
> envelope or container.

13.     No requesting or receiving party, or "Qualified Person", who receives copies of any

"Protected Documents" or "Protected Testimony" or any part, portion or excerpt thereof produced

in accordance with this Protective Order, is authorized to disseminate or distribute in any manner,

all or any part of "Protected Documents" or "Protected Testimony" to any other person, firm,

corporation or organization, without the prior written consent of the producing or testifying party

or upon further order of this Court.

14.     That all documents, information, or other data produced by a party, which are the

subject of this Protective Order, shall be used for no purpose other than to prepare for trial

regarding the issues of this litigation.

15.     Within twenty (20) days from and subsequent to the conclusion of this litigation,

including any appeals, either (a) by compromise settlement, (b) by stipulated dismissal, (c) by

entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, copies of all

"Protected Documents", "Protected Testimony" or other materials subject to this Protective Order

shall be retrieved by the party who sought their production and shall be returned to counsel for the

producing or testifying party, including all copies of all "Protected Documents", "Protected Testimony" excerpts, digests, summaries, indices or testimony relating thereto, in whatever form, including copies provided to experts, or any person, firm, corporation or organization obtaining the document as a "Qualified Person".

16.     No requesting or receiving party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony", or the fact that the requesting or receiving party has obtained confidential and/or privileged documents from the producing or testifying party.

17.     Neither the identity nor the contents of the documents produced herein may be used in connection with any other lawsuit or for any purpose whatsoever other than the preparation and trial of this action unless obtained from some other source or contained in public record.

18.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

19.     The production, publication, dissemination or other use of the documents identified and designated as confidential and provided hereunder to Plaintiff's counsel of record or by any other person to whom the documents are disseminated or disclosed by Plaintiff's counsel of record for use in any manner, unrelated to the needs of this particular case is expressly prohibited and it is expressly understood and agreed that any such person who violates the terms and conditions of this Protective Order consents to the jurisdiction of this Court and may be subject to sanctions under New Jersey law in the event of unauthorized use.  This paragraph is not applicable to any

document produced herein which is a matter of public record, which was received from another source, or which has been admitted into evidence at trial.

20.    After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the litigation.

21.    Neither the production of the documents, nor the inspection thereof, nor any testimony, in deposition or otherwise, pertaining to such documents shall constitute a waiver of the right of Defendants to claim in this action or otherwise that said documents, or any portion thereof, are privileged or otherwise non-discoverable or are not admissible in evidence in this action or in any other proceeding.

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:      July 10, 2023          SO ORDERED.
            New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

_____
**Steve Gokberk, Esq.**
**Kohan Law Group**
*Counsel for Plaintiff*

/s/Matthew Miller (with permission)

_____
**Matthew Miller**
**Goldberg Segalla**
*Counsel for Sunbeam Products, Inc.*

/s/ Brent Moffett

_____
**Brent Moffett**
**Moffett, Sims, & Gauthier**
*CCounsel for Sunbeam Products, Inc*

**EXHIBIT A**

STATE OF

COUNTY OF


_____, being first duly sworn, states:

1.      I have read and been provided with a copy of the Stipulated Protective Order ("Protective Order"), consisting of eight (8) pages, and I understand the requirements of the Protective Order and agree to be bound by its terms.

2.      I understand that the documents which are disclosed or provided to me pursuant to the Protective Order are confidential, and I further understand and agree that I may not use such documents for any purpose other than the preparation of trial of the above-captioned litigation, and that I may not divulge any copies or the identity or substance of any of the documents disclosed to me except in the preparation and trial of this case.

3.      I further understand and agree that I must return all documents disclosed pursuant to this Protective Order and all copies thereof to counsel for SUNBEAM PRODUCTS, INC. upon the termination of this litigation.

4.      I further acknowledge and agree that by signing this Affidavit, I submit myself personally to the jurisdiction of the above-captioned Court for the purposes of enforcement of the

Protective Order, in connection with the allegations of improper disclosure or use, if any, of the disclosed materials.

_____

Sworn to before me and subscribed in my presence this \_\_\_\_\_ day of _____, 2023.

_____

Notary Public